JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO REMAND [26] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]

## I.   Introduction

Before the Court is an ex parte application to remand the case to state court brought by Plaintiff Ali Sadiqyar ("Plaintiff"). Plaintiff's Ex Parte Application, ECF No. 26 ("EPA"). Also before the Court is a motion for summary judgment brought by Defendant Stoneledge Furniture LLC ("Stoneledge"). Stoneledge's Motion for Summary Judgment, ECF No. 19 ("Mot."). For the following reasons, the ex parte application to remand is GRANTED and the motion for summary judgment is DENIED.

## II.  Factual and Procedural Background

Plaintiff's complaint makes the following allegations relevant to his ex parte application to remand.

Defendants Ashley Homestores, Inc., Ashley Homestores Holdings, Inc., Ashley Furniture Industries, LLC, and Stoneledge Furniture LLC (the "Entity Defendants") comprise the set of entities involved in ownership and operation of the furniture store located at 9301 Tampa Avenue, Northridge, CA 91324. Complaint, ECF No. 1, Ex. A ("Compl.") ¶ 9.

_____ : _____
Initials of Preparer
DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

 Plaintiff was employed as a salesperson at this store from February 15, 2021 until his termination on August 26, 2023. *Id*. ¶¶ 9, 33. Defendant Jacob Williams ("Williams") was the store manager at this store and was Plaintiff's supervisor. *Id*. ¶ 10.

 During Plaintiff's employment, Williams made a number of remarks disparaging Plaintiff's age, disability, and Persian identity. *Id*. ¶¶ 15, 17, 19, 23, 26, 27. Williams also called Plaintiff's hair beautiful and on multiple occasions asked if he could touch and feel it. *Id*. ¶ 20. Plaintiff found these questions sexually harassing and intimidating. *Id*.

 Plaintiff made a number of complaints to HR and other managers about these various incidents with Williams and other incidents with other employees. *Id*. ¶¶ 21, 24-25, 29-30, 32. These complaints were ignored, and Plaintiff was ultimately terminated on August 26, 2023. *Id*. ¶ 33.

 On October 16, 2024, Plaintiff brought a litany of employment-related claims in state court against the Entity Defendants and Williams. The thrust of Plaintiff's claims are that Williams subjected him to harassment, ultimately resulting in his pretextual termination by the Entity Defendants, and that the Entity Defendants enabled this harassment, failed to investigate it, and in addition violated wage and hour laws as to Plaintiff. *Id*. ¶¶ 36-112. Most of Plaintiff's claims are directed at the Entity Defendants, but one of Plaintiff's claims is against all Defendants, including Williams: Harassment in Violation of FEHA (the fifth cause of action). *Id*. ¶¶ 64-74.

 Defendants removed the case to this Court on January 15, 2025. Notice of Removal, ECF No. 1 ("Notice"). Since then, the case has been in this Court, a jury trial was set for August 19, 2025, and Stoneledge has filed a motion for summary judgment, which is currently pending and is set for hearing on August 4, 2025. ECF Nos. 10, 19, 22. Plaintiff now files an ex parte application to remand the case, arguing that there is a lack of complete diversity because Williams is a California citizen. EPA. Defendants oppose the ex parte. Opposition to Ex Parte Application to Remand, ECF No. 27 ("Opp.").

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

### III. Legal Standard

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction when an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise federal question jurisdiction, a federal court must find that the plaintiff's complaint contains an issue of federal law. *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989); *see also* 28 U.S.C. § 1331.

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A removing defendant bears the burden of establishing federal jurisdiction and proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

### IV. Discussion

#### A. Williams was not fraudulently joined.

Defendants removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal, ECF No. 1 ("Notice"). Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1).

The parties do not dispute that the amount in controversy exceeds $75,000. So jurisdiction turns on the question of complete diversity. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543,

: _____
Initials of Preparer
DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California, the Entity Defendants are citizens of Florida, and Williams is a citizen of California. *See* Notice at 4-9; Compl. ¶ 8; EPA at 4; Opp. at 3-4. Accordingly, assuming all three defendants were properly named, there is no complete diversity in this case—both Plaintiff and Williams are citizens of California.

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what Defendants contend here: that Williams is a fraudulently joined defendant such that his California citizenship does not undermine complete diversity.

The Court thus turns to the question central to Plaintiff's ex parte application to remand: is Williams a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Defendants argue that Williams is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against Williams. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up).

Defendants fail to establish that Williams is a fraudulent defendant. Defendants argue that Plaintiff's FEHA claim against Williams as alleged in the complaint does not pass the 12(b)(6) standard.

:
Initials of Preparer
DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

The central allegations in Plaintiff's complaint against Williams are that he on numerous occasions made comments to Plaintiff disparaging Plaintiff's age, disability, race, and national origin, and on multiple occasions asked to touch and feel Plaintiff's hair. Compl. ¶¶ 15, 17, 19, 20, 23, 26, 27.

Plaintiff's allegations against Williams are at the very least suggestive of harassment, particularly as to the alleged unwanted touching. But even setting aside the fact that Plaintiff's allegations against Williams may be colorable, the question for the Court is not even whether Plaintiff **has** sufficiently stated a claim for FEHA harassment—it is whether it is **possible** that Plaintiff **could** state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Indeed, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549. Rather, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* (quotations omitted). Accordingly, even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. The district court "must consider…whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*

Defendants, who bear the burden of proof on this issue, provide no reason why Plaintiff would not at least be able to cure his claims against William through amendment. In their opposition to Plaintiff's ex parte application to remand, Defendants argue that Plaintiff's ex parte application lacks merit because it fails to address the fraudulent joinder issue. Opp. at 3-4. But Defendants, not Plaintiff, "bear[] [the] heavy burden" of rebutting the "general presumption against finding fraudulent joinder." *Id.* at 548.

The deficiencies in Plaintiff's claims are factual, not legal. In essence, Defendants argue that Plaintiff was not detailed enough in his complaint about what actions Williams took that constituted harassment. This deficiency is not surprising. Plaintiff filed his complaint in California state court, which applies a notice pleading standard, not the *Iqbal*/*Twombly* plausibility standard.

Plaintiff could easily cure his lack of specificity through amendment. Indeed, he gives the Court a preview of these additional allegations in his opposition to Stoneledge's pending summary judgment motion. For example, he states in this opposition that Williams would "continue to hold Plaintiff's hands" for an inappropriate amount of time after high-fives, would on multiple occasions "go sit with Plaintiff

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

very tight," and "put his hands on Plaintiff's shoulders and walked with him, which made him uncomfortable," despite Plaintiff's requests to stop. ECF No. 29 at 8-9. There is no reason to think that Plaintiff could not add these allegations, and others, in a first amended complaint such that a California court would allow his claims to survive the pleadings stage.

Accordingly, were a California court to evaluate this case, it would not find that there was no "possibility" that Plaintiff could state a claim against Williams. Rather, it would provide Plaintiff the opportunity to amend his complaint—an implicit acknowledgment that such a possibility exists. And while it is certainly possible those amendments would not bear fruit, that his claims may ultimately fail does not mean that, as a matter of law, it is "obvious according to the well-settled rules" of California law that Plaintiff cannot possibly state a claim against Williams. *See Grancare*, 889 F.3d at 549 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

In short, even assuming Plaintiff's claims fail to state a claim, Defendants fail to bring evidence that any deficiencies could not be cured through amendment. Under these circumstances, a finding of fraudulent joinder is improper.[1] *See Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-cv-01989-YGR, 2019

---

[1] Defendants' notice of removal thoroughly set forth the fraudulent joinder issue (as is so required). *See Tapia v. Sterigenics US, LLC*, No. 818CV00879JLSJDE, 2018 WL 3689159, at *2 (C.D. Cal. Aug. 1, 2018) (collecting cases) ("[T]o be timely, a notice of removal alleging fraudulent joinder must be filed within § 1446(b)'s first thirty-day removal period."). Plaintiff does not indicate whether he had specific knowledge of Williams's citizenship at the time of filing the complaint, but the complaint alleges that Williams worked full-time at a store in Northridge, California—a strong indication that Williams was a California citizen. Compl. ¶¶ 9-10. By all accounts, Plaintiff should have brought this issue to the Court's attention sooner. Indeed, Defendant argues in its opposition that Plaintiff's ex parte application is untimely and that Plaintiff has waived this issue. Opp. at 5-6. But put simply, Plaintiff's ex parte application is not untimely because it challenges the presence of subject matter jurisdiction, nor is it even possible for Plaintiff to waive the issue. *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) ("The defense of lack of subject matter jurisdiction cannot be waived…and may be raised at any time during the proceedings.") (cleaned up). Nor is the fact that Williams was not served until recently relevant in any way as to subject matter jurisdiction. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *see also Terell v. Morgan Truck Body, LLC*, No. 5:24-cv-00824-SB, 2024 WL 2846721, at *1 (C.D. Cal. June 5, 2024) ("[S]ervice has no bearing on whether complete diversity exists."). In other words, while this issue should have been addressed sooner, the Court's lack of subject matter jurisdiction means that the case must be remanded despite the case's proximity to summary judgment and trial.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00399-SVW-SSC | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Ali Sadiqyar v. Ashley Homestores, Inc. et al* | | |

WL 2464489, at *5 (N.D. Cal. June 13, 2019) ("Thus, although the Court takes no position on whether plaintiff has pleaded sufficient facts to successfully state a claim for relief against [the allegedly fraudulent defendant], it is at least possible that plaintiff may be able to state such a claim, either based on the complaint as pleaded or if granted leave to amend . . . the Court [thus] finds that defendants have failed to meet their burden to show that [the defendant at issue] was fraudulently joined."); *see also Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1179 (E.D. Cal. 2020) ("[D]efendants conflate their burden to establish an insufficiently pled claim under Rule 12(b)(6) with the impossibility standard of the fraudulent joinder doctrine, and, in doing so, have failed to address how it is impossible for plaintiff to cure the pleading deficiencies identified above[.]"); *Garcia v. Hertz Loc. Edition Corop.*, No. 23-cv-0127, 2023 WL 7386685, at *3 (S.D. Cal. Nov. 8, 2023) (granting the plaintiff's motion to remand despite "the noted deficiency in his FEHA harassment claim" because plaintiff's "FEHA harassment claim is [not] so completely devoid of merit to render it frivolous or wholly insubstantial, especially in light of California's notice pleading standard and Plaintiff's request to amend").

In sum, the Court lacks subject matter jurisdiction over the case because the presence of Williams, who was not fraudulently joined, destroys complete diversity, meaning the case was never removable in the first instance. Therefore, the case must be remanded.

### B.     Defendant's motion for summary judgment is moot.

Because the Court grants Plaintiff's ex parte application to remand, Defendant's pending motion for summary judgment is moot and therefore should be denied.

### V.     Conclusion

For the foregoing reasons, Plaintiff's ex parte application to remand is GRANTED, and Defendant's motion for summary judgment is DENIED. All outstanding dates and deadlines are vacated, and this case is remanded back to California state court.

**IT IS SO ORDERED.**

_____   :   _____
Initials of Preparer
DTA